## State v. Chandler
*[Cite as 4 AOA 157]*

*Case No. CA-709
Morrow County, (5th)
Decided June 27, 1990*

Howard E. Hall, Prosecuting Attorney, Morrow County Courthouse, 48 East High Street, Mount Gilead, Ohio 43338, for Plaintiff-Appellee.

Randall M. Dana, Ohio Public Defender, John A. Bay, Ass't State Public Defender, Ohio Public Defender Commission, 8 East Long Street, 11th Floor Columbus, Ohio 43266-0587, for Defendant-Appellant.

GWIN, J.

On Thanksgiving Day, 1981, the Roberts family went to the Duds and Suds Laundromat in Mount Gilead to do the family wash at approximately 4:30 p.m. As the Roberts pulled into the laundromat parking lot, a white car driven by a white male was exiting and almost hit the Roberts' vehicle. Upon entering the laundromat, Tina Roberts, a fifteen-year-old girl with speech and hearing impairments, entered the women's

rest room. Tina soon returned and indicated that something was wrong in the rest room. Upon further investigation, Mrs. Roberts discovered what appeared to be the lifeless body of Rebecca Seaburn, a twenty-five-year-old married registered nurse, lying on the restroom floor. The Roberts flagged down a nearby police cruiser driven by Officer Clarence Keckler. Keckler entered the restroom and found Rebecca lying on the floor, bleeding from her chest area, but still alive. Emergency medical treatment proved unsuccessful and Rebecca Seaburn was later pronounced dead at the scene.

In December of 1983, the police investigation led to an interview with defendant-appellant, Gary B. Chandler (appellant). Appellant acknowledged that he had been in the laundromat earlier in the morning on Thanksgiving Day, 1981. However, not until December, 1988, did the Columbus Police Department match appellant's fingerprints to those lifted at the Seaburn homicide scene, which match was late confirmed by the F.B.I.

Appellant was arrested, tried, and convicted of aggravated murder and now seeks our review and assigns the following as error:

"ASSIGNMENT OF ERROR NO. I
"THE TRIAL COURT ERRED IN REFUSING TO ADMIT DEFENSE EXHIBIT A-60 INTO EVIDENCE. THUS, DENYING APPELLANT HIS RIGHT TO A FAIR TRIAL.

"ASSIGNMENT OF ERROR NO. II
"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING EVIDENCE OF APPELLANT'S 1959 CONVICTION TO COME BEFORE THE JURY. THIS ERROR DEPRIVED APPELLANT OF HIS RIGHT TO A FAIR TRIAL IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDEMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

"ASSIGNMENT OF ERROR NO. III
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING NINE GRUESOME PHOTOGRAPHS OF THE VICTIM WHEN THE DANGER OF UNFAIR PREJUDICE SUBSTANTIALLY OUTWEIGHED THEIR PROBATIVE VALUE. THIS ERROR VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE

UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

"ASSIGNMENT OF ERROR NO. IV
"DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

"ASSIGNMENT OF ERROR NO. V
"THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

During the trial, the State called Martine Gooden to testify. Gooden testified that he was a cell mate with appellant after appellant was arrested for the murder of Rebecca Seaburn. Gooden further testified that appellant, while in jail with Gooden, orally admitted to Gooden that he killed a nurse in a laundromat bathroom on Thanksgiving Day by stabbing and choking her. On cross-examination, trial counsel for appellant began to question Gooden about an alleged confession written by appellant. Trial counsel for appellant then admitted into evidence the alleged written confession of appellant, marked as Defendant's Exhibit C.

During appellant's case-in-chief, Walter S. Knight, a handwriting expert, testified that it was not appellant's handwriting on the confession. However, the trial court refused to admit into evidence Knight's written report, marked Defendant's Exhibit A-60. Appellant claims that the trial court's refusal to admit Exhibit A-60 was so prejudicial that it deprived him of a fair trial. We disagree.

Evidence Rule 403(B) provides, in pertinent part, that "relevant evidence may be excluded if [it is] cumulative." Furthermore, the admission or exclusion of evidence in a criminal trial is left to the discretion of the trial court. See *State v. Morales* (1987), 32 Ohio St.3d 252, 257.

Here, Knight testified before the jury that the written confession was a forgery, and we therefore cannot say that the trial court abused its discretion in excluding the one-page report of Knight which merely stated that "[t]he hand written confession.. is a forgery."

Assuming *arguendo* that the trial court had abused its discretion, appellant has failed to demonstrate that such abuse was so prejudicial as to deny him a fair trial. As stated above,

Knight was permitted to testify before the jury that the written confession was a forgery.

Accordingly, we overrule appellant's first assignment of error.

## II

Prior to trial, and following the State's April 28, 1989, notification of its intent to offer into evidence appellant's 1959 conviction for assault with intent to rape, appellant filed a motion *in limine* to exclude that evidence. The trial court did not rule on said motion until the conclusion of the direct examination of appellant at trial. At that point, the trial court overruled appellant's motion and permitted the State to impeach appellant on cross-examination with the 1959 conviction. Appellant claims that the trial court's ruling deprived appellant of his right to a fair trial. We agree.

Evidence Rule 609 provides:

"(A) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment whether based upon state or federal statute or ordinance.

"(B) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation, or parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. *However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.*" (Emphasis added).

It is not disputed that the State properly notified appellant of its intent to use the 1959 conviction at trial. However, the trial court's delay in ruling on appellant's motion to exclude the evidence until after appellant had taken the stand and testified on direct examination prevented appellant a fair opportunity to contest the use of such evidence. The trial court's delay effectively caused appellant to enter into his defense blindly and therefore the trial court denied appellant due process and a fair trial.

Our conclusion is further supported by the prejudicial impact a thirty-year-old conviction for assault with intent to rape would have on a jury after being admitted and argued over appellant's continuing objection.

The trial court admitted, for impeachment purposes, two prior felony convictions which were within the Evid. R. 609 ten-year limitation. However, the trial court also admitted, for impeachment purposes, the thirty-year-old conviction. Although the trial court stated the general evidence 609 rule regarding the admissibility of such a dated conviction, the record does not support the trial court's finding that the prejudicial effect substantially outweighed the probative value of that conviction. A reading of Evid. R. 609 persuades us that any felony conviction over ten years old must be carefully examined and weighed prior to admitting the same for impeachment purposes.

Here, the State already had in their impeachment arsenal two prior felony convictions against appellant. Although the specific facts surrounding the 1959 conviction had some probative value regarding appellant's credibility, they do not substantially outweigh the remoteness in time and the prejudicial impact an assault with intent to rape conviction would have on the jury in a murder trial such as this.

Accordingly, appellant's second assignment of error is hereby sustained.

## III

We overrule appellant's third assignment for the reason that the trial court has considerable discretion regarding the exclusion or admission of photographic evidence in criminal trials and such discretion was not abused in this case. *Morales, supra.*

## IV

In his fourth assignment, appellant claims he was denied a fair trial and effective assistance of counsel because of trial counsel for appellant's failure to obtain a ruling on the motion *in limine* prior to calling appellant to testify. Based on our holding that the trial court was in error for delaying its ruling on appellant's motion *in limine* until after appellant testified under direct examination, we overrule this assignment of error.

## V

Because of our holding under assignment of error number two, this assignment is rendered moot.

For the foregoing reasons, the judgment of the Morrow County Court of Common Pleas is hereby reversed and this cause is remanded for further proceeding according to law.

*Judgment reversed and
cause remanded.*

PUTMAN, P.J., concurs and MILLIGAN, J., dissents.

MILLIGAN, J., dissenting:

I would overrule the second assignment of error and affirm the judgment of the Morrow County Common Pleas Court.

Defense counsel acknowledged that both the decision to admit or reject the proffered evidence, and the timing of such decision, rests within the sound discretion of the trial court.

Further, as demonstrated from the following portion of the transcript, the record fails to demonstrate any request by defense counsel for a ruling on the admissibility of such evidence (previously raised by motion *in limine)*.

DEFENSE ATTORNEY:

". . . Mr. Hall gave me notice of his intention to try and use this and I have tried to be equally prompt in notifying the Court that I intended to object to that. I think that the Record clearly denotes that. I would have contended, and I think there's cases that reflect the fact that you should have to rule on this prior to me calling Gary Chandler to the stand so that I can make a decision as to whether or not I have to call him to the stand. Obviously had you made a ruling before I called him to the stand on this issue, then I could have used that as part of my decision as to whether or not to call him to the stand."

THE COURT: "I don't remember you asking for a ruling before you called him either."

MR. CLARK:

"That's why the Motion was filed in that way. I'm sure that's not error. I'm like Mr. Howland in that respect. I think probably the cases say that whether you rule on it before I call him to the stand is wholly discretionary with you. I think you probably won't admit error that you said made you ruling beforehand. You won't admit error, you'd rule now. *I'm not quarrelling with the fact that we're hearing it at this point.* The cases that I read that say that you should keep it out, Your Honor, do not turn when the decision is to keep out the thing more than ten years old..." T.972-973 (Emphasis added).

I would find no abuse of discretion and overrule the second assignment of error.